UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GINUTIS SIPAS, ANTON SIPAS, THOMAS OTERO, VYTAUTAS SIPAS, RALPH FERRARA, DAVIAN VELEZ on behalf of themselves and other similarly situated current and former parking lot attendants employed by Defendants,<br><br>Plaintiffs,<br><br>-against-<br><br>SAMMY'S FISHBOX, INC., SAMUEL CHERNIN, SAMUEL CHERNIN d/b/a FISH BOX RESTAURANT, BRIDGE STREET RESTAURANT CORP., CITY ISLAND SEAFOOD CO. INC., FISHBOX RESTAURANT CORPORATION and SEASHORE RESTAURANT CORP.,<br><br>Defendants. | Case No. 05-CV-10319 (PAC) (AJP)<br><br>THE HONORABLE<br>PAUL A. CROTTY<br><br>THE HONORABLE<br>ANDREW J. PECK |
| SAMMY'S FISHBOX, INC., SAMUEL CHERNIN, SAMUEL CHERNIN d/b/a FISH BOX RESTAURANT, BRIDGE STREET RESTAURANT CORP., CITY ISLAND SEAFOOD CO. INC., FISHBOX RESTAURANT CORPORATION and SEASHORE RESTAURANT CORP.,<br><br>Third Party Plaintiffs,<br><br>-against-<br><br>WALTER RODSTROM, ANGEL GARCIA, JOSE GARCIA, HANS DANNEGGER, AL ZADRIMA and MIKE VISCONTI,<br><br>Third Party Defendants. | **SUMMONS** |

TO: Walter Rodstrom, 111 Rochelle St., City Island, NY 10464; Angel Garcia, 15 Chestnut St., Brooklyn, NY 11208; Jose Garcia, 15 Chestnut St., Brooklyn, NY 11208; Hans Dannegger, 454 Minneford Ave., City Island, NY 10464; Al Zadrima, 2443 Laconia Ave., Bronx, NY 10462; and Mike Visconti, 31 Forrest Glen Rd., Valley Cottage, NY 10989.

**YOU ARE HEREBY SUMMONED** and required to serve upon THIRD PARTY PLAINTIFFS' ATTORNEY:

        James Maisano, Esq.
        Buchanan Ingersoll PC
        One Chase Manhattan Plaza, 35th Floor
        New York, New York 10005

an answer to the third party complaint which is herewith served upon you, within Twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____          _____
CLERK                              DATE


_____
BY DEPUTY CLERK

2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GINUTIS SIPAS, ANTON SIPAS, THOMAS OTERO, VYTAUTAS SIPAS, RALPH FERRARA, DAVIAN VELEZ on behalf of themselves and other similarly situated current and former parking lot attendants employed by Defendants,<br><br>    Plaintiffs,<br><br> -against-<br><br>SAMMY'S FISHBOX, INC., SAMUEL CHERNIN, SAMUEL CHERNIN d/b/a FISH BOX RESTAURANT, BRIDGE STREET RESTAURANT CORP., CITY ISLAND SEAFOOD CO. INC., FISHBOX RESTAURANT CORPORATION and SEASHORE RESTAURANT CORP.,<br><br>    Defendants. | Case No. 05-CV-10319 (PAC) (AJP)<br><br>THE HONORABLE PAUL A. CROTTY<br><br>THE HONORABLE ANDREW J. PECK |
| SAMMY'S FISHBOX, INC., SAMUEL CHERNIN, SAMUEL CHERNIN d/b/a FISH BOX RESTAURANT, BRIDGE STREET RESTAURANT CORP., CITY ISLAND SEAFOOD CO. INC., FISHBOX RESTAURANT CORPORATION and SEASHORE RESTAURANT CORP.,<br><br>    Third Party Plaintiffs,<br><br> -against-<br><br>WALTER RODSTROM, ANGEL GARCIA, JOSE GARCIA, HANS DANNEGGER, AL ZADRIMA and MIKE VISCONTI,<br><br>    Third Party Defendants. | **THIRD PARTY COMPLAINT AND JURY DEMAND** |

The Third Party Plaintiffs, SAMMY'S FISHBOX, INC., SAMUEL CHERNIN, SAMUEL CHERNIN d/b/a FISH BOX RESTAURANT, BRIDGE STREET RESTAURANT

CORP., CITY ISLAND SEAFOOD CO. INC., FISHBOX RESTAURANT CORPORATION and SEASHORE RESTAURANT CORP. (hereinafter "Third Party Plaintiffs"), by their attorneys, BUCHANAN INGERSOLL PC, assert their Third Party Complaint against the Third Party Defendants, WALTER RODSTROM, ANGEL GARCIA, JOSE GARCIA, HANS DANNEGGER, AL ZADRIMA and MIKE VISCONTI (hereinafter "Third Party Defendants"), by respectfully alleging the following upon information and belief:

## PARTIES

1. The Third Party Plaintiff, SAMMY'S FISHBOX, INC., is a corporation organized and existing under the laws of the State of New York with its principal place of business in Bronx County in the State of New York.

2. The Third Party Plaintiff, SAMUEL CHERNIN d/b/a FISH BOX RESTAURANT, is a resident of Westchester County in the State of New York.

3. The Third Party Plaintiff, BRIDGE STREET RESTAURANT CORP., is a corporation organized and existing under the laws of the State of New York with its principal place of business in Bronx County in the State of New York.

4. The Third Party Plaintiff, CITY ISLAND SEAFOOD CO. INC., is a corporation organized and existing under the laws of the State of New York with its principal place of business in Bronx County in the State of New York.

5. The Third Party Plaintiff, FISHBOX RESTAURANT CORPORATION, is a corporation organized and existing under the laws of the State of New York with its principal place of business in Bronx County in the State of New York.

6. The Third Party Plaintiff, SEASHORE RESTAURANT CORP., is a corporation organized and existing under the laws of the State of New York with its principal place of business in Bronx County in the State of New York.

7. The Third Party Defendant, WALTER RODSTROM, is a resident of Bronx County in the State of New York.

8. The Third Party Defendant, ANGEL GARCIA, is a resident of Kings County in the State of New York.

9. The Third Party Defendant, JOSE GARCIA, is a resident of Kings County in the State of New York.

10. The Third Party Defendant, HANS DANNEGGER, is a resident of Bronx County in the State of New York.

11. The Third Party Defendant, AL ZADRIMA, is a resident of Bronx County in the State of New York.

12. The Third Party Defendant, MIKE VISCONTI, is a resident of Rockland County in the State of New York.

## JURISDICTION AND VENUE

13. This Third Party Complaint is brought pursuant to Fed. R. Civ. P. 14, in that the Third Party Defendants are or may be liable to the Third Party Plaintiffs for all or part of the claims set forth in the Complaint of the Plaintiffs.

14. Jurisdiction of the Court of this Third Party Complaint is conferred by, *inter alia*, 28 U.S.C. § 1367(a), because this Court had original jurisdiction over the claims alleged by the Plaintiffs in the Complaint and arise out of the same transactions or occurrences and "are so related to claims in the action within such original jurisdiction that they form part of the same

case or controversy under Article III of the United States Constitution," and involves "the joinder . . . of additional parties."

15. Venue is proper in the Southern District of New York pursuant to 28 U.S.C 1391(a).

## FACTS

16. On December 9, 2005, the Plaintiffs filed the original Complaint against the Third Party Plaintiffs. A copy of the Summons and Complaint is attached hereto as Exhibit A.

17. Upon information and belief, the Third Party Defendants operated a business in the form of a "partnership," which controlled and set the hours and methods of work for the Plaintiffs, GINUTIS SIPAS, ANTON SIPAS, THOMAS OTERO, VYTAUTAS SIPAS, RALPH FERRARA, DAVIAN VELEZ, and other similarly situated individuals, performing valet parking services at parking lots located on City Island in Bronx County in the State of New York.

18. Upon information and belief, most of the patrons of these parking lots that were operated by this "partnership" would, after leaving their cars with the valet car parkers, attend restaurants located on City Island, including restaurants operated by the Third Party Plaintiffs.

19. Upon information and belief, four of the Plaintiffs, GINUTIS SIPAS, VYTAUTAS SIPAS, THOMAS OTERO and DAVIAN VELEZ, were also part of this "partnership."

20. Upon information and belief, this "partnership" would directly oversee the hiring, firing and personnel decisions relating to the Plaintiffs and other similarly situated individuals.

21. Upon information and belief, this "partnership" directly supervised the Plaintiffs and was, in fact, their sole employer.

4

22. Upon information and belief, this "partnership" would distribute the monies paid to the Plaintiffs for the performance of the services related to the parking lots.

23. Upon information and belief, this "partnership" would collect monies from the Plaintiffs and use these monies for the purchase of uniforms and other incidental items.

24. Upon information and belief, this "partnership" functioned as an "employer" of the Plaintiffs and other similarly situated individuals as those terms are defined under the Fair Labor Standards Act, 29 U.S.C. Sec. 201 et seq. and New York State Labor Law.

25. Upon information and belief, this partnership is jointly and severally liable for any and all of the alleged damages sought in the Complaint by the Plaintiffs.

### AS AND FOR A FIRST CLAIM FOR RELIEF AGAINST THIRD PARTY DEFENDANTS FOR INDEMNIFICATION AND/OR CONTRIBUTION

26. The Third Party Plaintiffs restate and incorporate their allegations set forth in paragraphs 1 through 25 above as if set forth in full herein.

27. In the Answer to the Complaint, the Third Party Plaintiffs denied any and all liability to the Plaintiffs.

28. Without admitting any allegations set forth in the Complaint and solely to preserve their right to contribution and/or indemnification, the Third Party Plaintiffs hereby adopt and incorporate by reference the allegations set forth in the Complaint and make these claims against the Third Party Defendants.

29. If the Plaintiffs sustained any claims, losses and/or damages from the acts or omissions, as alleged in the Complaint, then they are the direct and primate result of the acts and omissions of Third Party Defendants, who are thereby solely liable to the Plaintiffs for such claims, loses and/or damages; or in the alternative, if the Third Party Plaintiffs are found liable to the Plaintiffs, and such liability is expressly denied, then the Third Party Defendants are jointly

5

liable with the Third Party Plaintiffs in that the Plaintiffs' claims, loses or damages were caused in whole or in part by the acts and omissions of the Third Party Defendants.

30. Therefore, Third Party Plaintiffs hereby claim contribution and/or indemnification from the Third Party Defendants for the claims by the Plaintiffs in the Complaint.

**WHEREFORE**, the Third Party Plaintiffs respectfully request that a judgment be entered in their favor and against the Third Party Defendants for indemnification and/or contribution, and that the Third Party Plaintiffs be awarded their costs, disbursements, reasonable attorneys' fees of this action and such other and further relief as the Court deems just and proper.

## JURY DEMAND

**PLEASE TAKE NOTICE**, that the Third Party Plaintiffs demand a trial of the issues by a jury of six.

Dated: New York, New York
February 8, 2006

Respectfully submitted,

BUCHANAN INGERSOLL PC

/s/ James Maisano
James Maisano, Esq. (JM-4302)
Caroline Berdzik, Esq. (CB-5746)
*Attorneys for Third Party Plaintiffs*
One Chase Manhattan Plaza, 35th Floor
New York, New York 10005
(212) 440-4400 - Telephone
(212) 440-4401 - Fax
Maisanoj@bipc.com – Email
Berdzikcj@bipc.com - Email

TO:

BERANBAUM MENKEN BEN-ASHER & BIERMAN LLP
Attorneys for Plaintiffs
80 Pine Street
New York, New York 10005
(212) 509-1616

## **CERTIFICATE OF SERVICE**

I, James Maisano, Esq., hereby certify that on this date, I caused a true and correct copy of the foregoing Third Party Complaint to be served upon the following by ECF and first-class United States mail, postage pre-paid:

>BERANBAUM MENKEN BEN-ASHER & BIERMAN LLP
>Attorneys for Plaintiffs
>80 Pine Street
>New York, New York 10005

By: */s/ James Maisano*
James Maisano, Esq.

Dated: February 8, 2006