**MILMAN & HEIDECKER**
Attorneys at Law
3000 Marcus Avenue
Suite 3W3
Lake Success, New York  11042

Telephone (516) 328-8899
Facsimile (516) 328-0082

| | |
|---|---|
| LAWRENCE I. MILMAN<br>PERRY S. HEIDECKER<br>ROBERT F. MILMAN<br>RICHARD I. MILMAN<br>JOSEPH M. LABUDA* | MICHAEL J. MAURO<br>MATTHEW J. MEHNERT<br>JAMIE S. FELSEN |

*Also Admitted in NJ

Author's Direct E-Mail Address:
joelabuda@mhlaborlaw.com
Direct Dial:
(516) 303 -1380

*VIA ECF*

January 5, 2007

Honorable Paul A. Crotty
United States District Court
Southern District of New York
40 Centre Street, Room 2102
New York, New York 10007-1312

    Re:    Sipas et. al. v. Sammy's Fishbox, Inc. et. al.
           Case No.: 05-CV-10319 (PAC) (AJP)
           <u>Our File No.: 12-06</u>

Dear Judge Crotty:

      This law firm represents the Defendants in the above-referenced matter.  The parties seek preliminary approval of the proposed settlement dated October 30, 2006 pursuant to Federal Rule of Civil Procedure 23(e).  On December 6, 2006, the court held a conference wherein it raised several issues concerning the class settlement and requested the parties submit letter briefs to support their request for preliminary approval.  The issues raised at the conference were:  (a) whether joinder was impracticable; (b) whether inclusion of class certification in settlement at late stage of litigation is appropriate; (c) whether the proposed notice to class would be sufficient; and (d) whether submission of a proof of claim is appropriate.

      It is Defendants' position that upon closer inspection, these issues weigh in favor of granting preliminary approval of the class settlement.

      Plaintiffs filed this case at the outset as a class action.  The parties conducted discovery based on the prospect that Plaintiffs would move for class certification.  In fact, Defendants'

*Honorable Paul A. Crotty*
*January 5, 2007*
*Page 2*

counsel has been involved in numerous wage and hour class actions that have been certified by the court. See Ansoumana v. Gristede's, 00-CV-0252 (S.D.N.Y., Judge Hellerstein); Velez v. Majik Cleaning Services, Inc., 03-CV-8698 (S.D.N.Y. Judge Scheindlin); and Bragg v. Terrier Claims Services, Inc., 05-CV-7280 (S.D.N.Y. Judge McMahon). Thus, Defendants anticipated that Plaintiff's counsel would likely file a motion for class certification in reaching the instant settlement. It is equally likely that as final resolution of this matter will not be reached if class certification is not granted. The instant settlement factored that Defendants would not face additional claims and thus would not incur additional defense fees or any additional liability on such wage claims. However, if the class is not certified, Defendants would most likely adjudicate the issue of liability, i.e., whether they were the valets employer under the FLSA in order to avoid re-litigating the issue as they may face a multitude of additional similar claims in the future.

### A. Joinder is Impracticable

The parties respectfully submit that joinder of the multiple claims would be impracticable and that class certification is clearly warranted when applying the circumstances of this case to controlling precedent.

The relevant inquiry under Rule 23(a)(1) is whether the class is "so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). The court focuses on whether the "num[ber] of injured persons makes joinder of all class members 'impracticable.' " Edge v. C. TechCollections, Inc., 203 F.R.D. 85, 89 (E.D.N.Y. 2001), citing Robidoux v. Celani, 987 F.2d 931, 935 (2d Cir. 1993). While "a precise quantification of [the] class, is not required, … some evidence ... or [a] reasonabl[e] estimate [of] the number of class members," must be provided. Edge, 203 F.R.D. at 89, quoting Pecere v. Empire Blue Cross and Blue Shield, 194 F.R.D. 66, 69 (E.D.N.Y. 2000) (internal quotations and additional citation omitted). In determining numerosity, the court may "make some common sense assumptions" and "rely on reasonable inferences drawn from the available facts." Velez v. Majik Cleaning Serv., 2005 U.S. Dist. LEXIS 709 (S.D.N.Y. 2005). The Second Circuit has generally held that a class is sufficiently numerous when over 40 class members are involved; above that number, individual joinder of all members becomes "impracticable." Consolidated Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995). When a class consists of forty or more members, numerosity and thus impracticability of joinder are presumed. Consol. Rail Corp. v. Town of Hyde Park, 47 F.3d 473, 483 (2d Cir. 1995).

In the instant case, there is no argument about numerosity. The parties estimate the size of the class to be approximately 80 workers[1]. In addition, the class is comprised of unsophisticated workers, who may be unaware of their statutory rights. Thus, the putative class is sufficiently large that joinder of all members is impracticable. Indeed, the "numerosity" requirement has been satisfied with far fewer class members than are present in this litigation. Novella v. Westchester County, 443 F. Supp. 2d 540, 547 (S.D.N.Y. 2006)(class of 21 satisfied the numerosity requirement for certification); In re WRT Energy Sec. Litig., 2006 U.S. Dist.

---

[1] The class consists of valets at six (6) restaurant parking lots for a six (6) year period.

LEXIS 47483 (S.D.N.Y. 2006)(class of 48 satisfied the numerosity requirement for certification); Lee v. ABC Carpet & Home, 236 F.R.D. 193 (S.D.N.Y. 2006) (class of 40 satisfied the numerosity requirement for certification of FLSA and New York State Labor Law action); Mendez v. Radec Corp., 232 F.R.D. 78, 91 (S.D.N.Y. 2005) (class of at least 70 satisfied the numerosity requirement for certification of FLSA and New York State Labor Law action); Barone v. Safway Steel Prods., Inc., 2005 U.S. Dist. LEXIS 17645 (E.D.N.Y. 2005) (class of "approximately 50" satisfied the numerosity requirement for certification of FLSA and New York State Labor Law action); Mascol v. E&L Transp., Inc., 2005 U.S. Dist. LEXIS 32634 (E.D.N.Y. 2005) (class of 54 satisfied the numerosity requirement for certification of FLSA and New York State Labor Law action).

The presumption based solely on a head count, however, needs to be considered in light of the totality of the circumstances of the particular case, because impracticability of joinder is not just a matter of numbers. Robidoux, 987 F.2d at 936, citing Demarco v. Edens, 390 F.2d 836, 845 (2d. Cir. 1968). Relevant factors include: judicial economy; the geographical dispersion of class members; the financial resources of class members and their ability to bring suit individually; and "requests for prospective injunctive relief which would involve future class members." Id.

Moreover, Plaintiffs assert that as a result of Defendants' actions, they have collectively suffered damages of approximately $500,000. Given the fact that each of the 80 individual class members may have suffered a relatively small amount of damages, the expense of litigation would make it difficult for each plaintiff to pursue his or her claims individually. The difficulty inherent in pursuing a small claim on an individual basis may be further compounded in this case by individual member's lack of education, resources, and legal sophistication. Moreover, the issue of whether the Defendants were Plaintiffs' actual employers, as that term is defined under relevant statutory regimes, is unsettled. Since "employer status" would be hotly contested, prompt resolution at this stage would be highly beneficial to the parties.

Furthermore, judicial economy favors class certification in this case. See Robidoux, 981 F.2d at 935. There is no reason to think that the number of opt outs is likely to be substantial. Hence, the preclusive effect of a class action will avoid future duplicative litigation and preserve judicial resources both on the federal and state level.

The proposed class is well defined in time and scope, and an adjudication of the Plaintiffs' claims as a group will save the considerable time and expense that would be involved in individually adjudicating claims. See In re "Agent Orange" Prod. Liab. Litig., 100 F.R.D. 718, 724 (E.D.N.Y. 1983) (noting that class certification would serve the interests of judicial economy and result in the speedy and less expensive resolution of individual plaintiffs' claims).

The class, as defined above, is narrowly defined to avoid being over-inclusive, but large enough that joinder is not practicable. Under these circumstances, joinder is both impracticable and undesirable.

**B. Approval of Settlement is Appropriate At This Stage of the Litigation**

*Honorable Paul A. Crotty*
*January 5, 2007*
*Page 4*

In evaluating the fairness of a settlement agreement, courts in this Circuit generally consider the six "fairness factors" enunciated by the Second Circuit in City of Detroit v. Grinnell Corp., 495 F.2d 448, 463 (2d Cir. 1974).

In this case, the court expressed concern about the third Grinnell factor. The third Grinnell factor looks to the stage of the proceedings and the amount of discovery completed.

### 1. Discovery has been extensive.

Here, the parties have engaged in extensive formal and informal discovery. Document demands and interrogatories were exchanged, third-party subpoenas were issued, numerous interviews and witness statements of valets and other witnesses were taken, and a forensic accountant was hired to calculate possible scenarios concerning damages. This forensic accountant's report was produced to Plaintiffs' counsel. Based on the above discovery, both parties fully understood the strengths and weaknesses in their respective positions prior to settling this matter.

Courts have approved settlements at all stages of the proceedings. In re AOL Time Warner, Inc. Sec. & ERISA Litig., 2006 U.S. Dist. LEXIS 17588 (S.D.N.Y. 2006). While the parties need not have engaged in extensive discovery, a sufficient factual investigation must have been conducted to afford the Court the opportunity to "'intelligently [] make ... an appraisal' of the Settlement." In re Austrian and German Bank Holocaust Litig., 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd,* 236 F.3d 78 (2d Cir. 2001), quoting Plummer v. Chemical Bank, 668 F.2d at 654, 660 (2d Cir. 1982).

There are two cases worth noting. In In Re AOL, at the time of the Stipulation of Settlement, discovery had reached an advanced stage yet there was much more discovery that needed to be conducted including critical depositions. Ultimately, the court found that sufficient discovery had been conducted to satisfy the third Grinnell factor. Id. at *38.

In Heyer v. New York City Hous. Auth., 2006 U.S. Dist. LEXIS 25089 (S.D.N.Y. 2006) even though only a limited amount of discovery was completed before the commencement of settlement negotiations, the familiarity of counsel for all parties with the facts of the case, justified the effort to reach settlement.

Here, the parties engaged in discovery more substantial than in In Re AOL and Heyer. Prior to executing the Stipulation, both parties investigated the events and transactions alleged in the action, reviewed and analyzed all available documents produced by the Defendants, and retained and consulted with a forensic accountant to conduct a damages analysis based upon the number of potential class members, the maximum hours they could have worked spanning the claims period (six years) and the relevant rates of pay. Plaintiffs had a wealth of information at their disposal gleaned from access to the named plaintiffs and their attendant knowledge of Defendants' operations for nearly two years before entering into the Settlement. The parties engaged in sufficient document discovery and sufficient discussions about the merits of the

action to fully evaluate the merits of the claims and the obstacles to success. Thus, the information exchanged and analyzed has been sufficient to determine the unpaid compensation due to each plaintiff. Thus the parties "have a clear view of the strengths and weaknesses of their cases." Levitt v. Bear Stearns & Co. (In re Sterling Foster & Co. Sec. Litig.), 2006 U.S. Dist. LEXIS 80861 (E.D.N.Y. 2006)(although no formal discovery was conducted prior to entering into the Settlement Agreement, court was satisfied with fact finding based upon counsels' investigations and reliance on prior decisions). See also In re Warner Communications Sec. Litig., 618 F. Supp. 735, 745 (S.D.N.Y. 1985) aff'd, 798 F.2d 35 (2d Cir. 1986); see also In re Twinlab Corp. Sec. Litig., 187 F. Supp. 2d 80 (E.D.N.Y. 2002)(adequate discovery found where limited investigation of documents and witnesses was conducted; no depositions held). In re Austrian and German Bank Holocaust Litig., (third Grinnell factor found where even though no formal discovery had been conducted, the parties engaged in extensive informal discovery).

It should be noted that Defendants' counsel has been involved in numerous class actions that settled, like the instant case, with significant discovery still pending. See Ansoumana v. Gristede's, 00-CV-0252 (S.D.N.Y., Judge Hellerstein); Velez v. Majik Cleaning Services, Inc., 03-CV-8698 (S.D.N.Y. Judge Scheindlin); and Bragg v. Terrier Claims Services, Inc., 05-CV-7280 (S.D.N.Y. Judge McMahon).

## 2. Settlement negotiations have been at arms-length.

The third Grinnell factor also provides that, "the pretrial negotiations and discovery must be sufficiently adversarial that they are not designed to justify a settlement ...[, but] an aggressive effort to ferret out facts helpful to the prosecution of the suit." Id. quoting Martens v. Smith Barney, Inc., 181 F.R.D. 243, 263 (S.D.N.Y. 1998). Thus, the court must determine if the settlement was "achieved through arms-length negotiations by counsel with the experience and ability to effectively represent the class's interests." Becher v. Long Island Lighting Co., 64 F. Supp. 2d at 178; see also D'Amato v. Deutsche Bank, 236 F.3d at 85 (noting that the district court must "determine[] a settlement's fairness by examining the negotiating process leading up to the settlement as well as the settlement's substantive terms"). In reviewing a proposed settlement, the court has the "'fiduciary responsibility of ensuring that the settlement is . . . not a product of collusion, and that the class members' interests [were] represented adequately.'" Clement v. American Honda Fin. Corp., 176 F.R.D. 15, 29 (D. Conn. 1997) (internal citation omitted) quoting In re Warner Commc'ns Sec. Litig., 798 F.2d 35, 37 (2d Cir. 1986).

In this case, the proposed settlement is clearly the product of "serious, informed, non-collusive negotiations." The settling parties are represented by experienced and talented counsel that share expertise in this field and an extensive knowledge of the details of this case. In re Initial Pub. Offering Sec. Litig., 226 F.R.D. 186, 191 (S.D.N.Y. 2005). Moreover, there is no evidence that the proposed settlement accords "improper[] . . . preferential treatment" to any portion of the class. In re Nasdaq Market-Makers Antitrust Litig., 176 F.R.D. 99, 102 (S.D.N.Y. 1997). Furthermore, Defendant had other counsel at the inception of this case. Defendants' previous counsel, too, engaged in settlement discussions, which galvanizes the lack of collusion between the parties. While the relationship between plaintiffs' counsel and counsel for Defendant has been cooperative, it has been in no way collusive.

*Honorable Paul A. Crotty*
*January 5, 2007*
*Page 6*

In addition, through the discovery process, it became evident that there were strengths and weaknesses to both parties' case. For example, concerning the "employer status" issue, it was discovered that Defendants never paid Plaintiffs, Defendants did not hire, fire or set the schedules for valets. However, there was also evidence that the valets wore Defendants' shirts while parking cars. Moreover, the valets parked cars for patrons of Defendants restaurants that clearly inured to the benefit of Defendants. On the issue of damages, both sides faced problems since no time or payroll records existed. Further, Plaintiffs did not file any tax returns concerning any compensation earned as valets casting doubt on the veracity of any claim for damages.

Consequently, the circumstances surrounding the settlement clearly satisfy the third Grinnell factor for determining fairness.

### C. Notice By Publication Only Satisfies Due Process Concerns

In this case, the parties propose to send notice of the settlement to any identifiable class members and publish the notice in local papers to inform unidentifiable class members of the settlement.

For classes certified under Rule 23(b)(3), "the court must direct to class members the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). The process of notice is left to the discretion of the district court, so long as that decision is reasonable in light of the particular circumstances. Courts strongly favor individualized notice, even when it will require considerable effort and time to find the appropriate records. See Eisen v. Carlisle and Jacquelin, 417 U.S. 156, 176, 94 S. Ct. 2140, 40 L. Ed. 2d 732 (1974) ("there is nothing in Rule 23 to suggest that the notice requirements can be tailored to fit the pocketbooks of particular plaintiffs").

In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), the Court addressed the constitutional sufficiency of publication notice rather than mailed individual notice to known beneficiaries of a common trust fund as part of a judicial settlement of accounts. The Court observed that notice and an opportunity to be heard were fundamental requisites of the constitutional guarantee of procedural due process. It further stated that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. " Id., at 314. The Mullane Court recognized notice by publication as a legal alternative for missing and unknown persons.

Subsequently, courts have found that individualized notice is not required where identifying the class members would require an expensive and burdensome search and the resulting information would be unreliable and incomplete. See Monaco v. Carpinello, 2006 U.S. Dist. LEXIS 85689 (E.D.N.Y. 2006)(notice by publication sufficient where records needed to ascertain class member information not likely to reveal sufficient information; would delay the preceding for a year; and could jeopardize privacy interests of class); Carlough v. Amchem

*Honorable Paul A. Crotty*
*January 5, 2007*
*Page 7*

Prods. Inc., 158 F.R.D. 314, 328 (E.D.Pa. 1993) (individualized notice to unknown class members not required where parties had proposed extensive alternative notice plan and the list to be produced, after much effort, would produce at best a list of names and outdated addresses that represented only a fraction of the class and many non-members); In re Domestic Air Transp. Antitrust Litigation, 141 F.R.D. 534, 546 (N.D.Ga. 1992) (distinguishing the case from Eisen and finding individualized notice not required where notice to a list which would not definitely result in notice to a substantial number of class members and "would most likely confuse the recipients and encourage claims by non-class members"); *see also* In re Nissan Motor Corp. Antitrust Litigation, 552 F.2d 1088, 1099 (5th Cir. 1977) (noting that "in every case, reasonableness is a function of anticipated results, costs, and amount involved" and that a search "may be omitted only if its costs will exceed the anticipated benefits"); Spector v. New York, 71 F.R.D. 550 (SD.N.Y. 1976)(notice by publication sufficient because class members could not be identified in a reasonable manner); see also In re Armored Car Antitrust Litigation, 645 F.2d 488 (5th Cir. 1981); Montell v. Dept. of Social Services, 1980 WL 321 (S.D.N.Y. 1980); In re Antibiotic Antitrust Actions, 333 F. Supp. 278 (S.D.N.Y. 1971).

Notice by publication to unidentifiable class members is the only manner in which the integrity of the class members' due process can be safeguarded. There is simply no means of identifying, and therefore locating, the entire class at large. The Defendants have no employment records evidencing the correct names, social security numbers or addresses of former valets that would constitute the putative class. Since there is no reasonable way of obtaining the information requisite for individual mailing, notice by publication provides the sole way to disseminate information on a large scale. Considering the history of precedent allowing for notice by publication in such a circumstance, the parties respectfully submit that it is proper to have notice of the class settlement published in a variety of polyglot daily periodicals.

### D. Class Members rights are preserved by the settlement

The settlement includes a mandatory proof of claim form that would extinguish a class member's right to partake in the settlement if the form is not returned.

The use of proof of claim forms has been used in the past. In fact, the Second Circuit has never held that the use of a proof of claim form at the liability stage was impermissible pursuant to Rule 23. Kern ex rel. Estate of Kern v. Siemens Corp., 393 F.3d 120, 126 (2d Cir. 2004).

Courts in this circuit and other circuits have provided for precisely the same proof of claim regime as proposed in the instant matter. Meijer, Inc. v. 3M, 2006 U.S. Dist. LEXIS 56744 (D. Pa. 2006); Unicorn Field v. Cannon Group, 60 F.R.D. 217, 228 (S.D.N.Y. 1973) citing Briskin v. Glickman, 66 Civ. 4301 (S.D.N.Y. 197); Alpine Pharmacy, et al. v. Chas. Pfizer & Co., 69 Civ. 559 (S.D.N.Y. 1969); Harris v. Jones, 41 F.R.D. 70 (D. Utah 1966); Philadelphia Electric Co. v. Anaconda American Brass Co., 43 F.R.D. 452 (E.D. Pa. 1968); Iowa v. Union Asphalt & Roadoils Inc., 281 F. Supp. 391 (S.D. Iowa 1968); Minnesota v. U.S. Steel Corp., 44 F.R.D. 559 (D. Minn. 1968).

*Honorable Paul A. Crotty*
*January 5, 2007*
*Page 8*

In fact, a recent decision in this district authorized the use of a proof of claim form contemplated in the case *sub judice*. In In re Luxottica Group S.p.A. Sec. Litig., 2005 U.S. Dist. LEXIS 27765 (S.D.N.Y. 2005) Judge Weinstein approved the form and content of a notice of the proposed partial settlement and hearing as well as a proof of claim and release form. Judge Weinstein approved the following stringent conditions that class members must comply:

> Class Members who wish to participate in the partial settlement shall complete and submit Proof of Claim forms in accordance with the instructions contained therein. As provided in the Proof of Claim form, any Class Members who previously submitted a Proof of Claim form and supporting documents in connection with the partial settlement with the Sunglass Hut Defendants, is only required to sign the release and need not submit a second copy of the supporting documents. Unless the Court orders otherwise, all Proof of Claim forms must be submitted no later than March 1, 2006. Any Class Member who does not timely submit a Proof of Claim within the time provided for shall be barred from sharing in the distribution of the proceeds of the Settlement Fund, unless otherwise ordered by the Court.

Id. at *6-*7.

In another case directly on point, Leider v. Ralfe, 2004 U.S. Dist. LEXIS 15345 (S.D.N.Y. 2004), Judge Maas certified a proposed class that consisted largely of unidentified class members. Judge Maas approved the use of "various techniques" to verify the authenticity of class members' damages claims. Id. at *44. Although there was not a precise definition of the "various techniques" utilized, the important point to take away is that the use of a proof of claims device does not corrupt the unidentified class members' due process rights.

Requiring a proof of claim to participate in the recovery of the corpus satisfies the interests of fairness.

In this case, the class members are largely unidentified and unable to be located. Class members identify their dates of employment and hours worked in order to allow the payment of funds to class members that would otherwise remain anonymous. That is, there are likely to be a large number of class members that cannot be found to distribute payment of the corpus. The proof of claim will be the only means in which the unknown class members could be identified and paid. Although failure to provide the proof of claim waives the class members' right to future recovery, the alternative is that the class member would go unidentified and not receive any payment.

Clearly, courts have found the contemplated proof of claim form permissible under Rule 23. Therefore, the parties respectfully submit that this Court would not run afoul of Rule 23 in authorizing the use of the proof of claim device.

*Honorable Paul A. Crotty*
*January 5, 2007*
*Page 9*

**Conclusion**

The parties submit that the proposed settlement satisfies the Court's fairness analysis. First, the parties assert that settlement was achieved through hard-fought negotiations after pleadings and sufficient discovery was conducted. By proceeding through such thorough litigation, the parties further assert that they were fully informed of the strengths and weaknesses of their case by the time settlement was reached. Second, the parties assert that the $ 340,000 settlement clearly falls within the range of reasonableness and constitutes a substantial recovery for the class. Third, the parties contend that the settlement effectively balances the risks of litigation against the benefit to the class of a certain recovery. Specifically, the parties note that the risks of proving liability and damages were substantial in this case, that continued litigation would be long, complex, and expensive and that experienced counsel favors approval of the settlement. Consequently, the parties respectfully request that the court approve the settlement under the conditions set forth in within the settlement agreement.

This settlement is no different than the hundreds of wage and hour class action settlements that are approved by the courts every year. See e.g. Frank v. Eastman Kodak Co., 2005 U.S. Dist. LEXIS 7747 (W.D.N.Y. Aptil 29, 2005). Like these other class action settlements, the instant settlement should be approved.

Defendants request the opportunity for oral argument on any issues the court deems appropriate.

Respectfully submitted,

**MILMAN & HEIDECKER**

/s/_____
Joseph M. Labuda (JL-5213)

JML:amm
cc:   Sam Chernin
      Bruce Menken, Esq.