USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAY 3 1 2007

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
GINUTIS SIPAS ET AL.,

          Plaintiffs,

-against-

SAMMY'S FISHBOX, INC. ET AL.,

          Defendants.
-------------------------------------------------------x

ECF Case

05 CV 10319 (PAC)(AJP)

[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF SETTLEMENT AND SETTING SETTLEMENT HEARING

    The joint motion of the Settling Parties for an order preliminarily approving a class action settlement and setting a settlement hearing, came on for hearing on or about _December 6_, 2006. The Court has considered the Stipulation and Agreement of Settlement (and its exhibits), the submissions of counsel, and all other papers filed in this action ("Federal Action"). The matter having been submitted and good cause appearing therefore:

    The Court finds as follows:

    1.    All defined terms contained herein shall have the same meanings as set forth in the Stipulation and Agreement of Settlement executed by the Settling Parties and filed with this Court (the "Stipulation");

    2.    The Class Representatives and Defendants, through their counsel of record in the Federal Action, have reached an agreement to settle all claims in the Federal Action;

3. The Court conditionally finds that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Federal Action, including no effect on the Federal Action should the Stipulation not ultimately be approved or should the Effective Date not occur, the proposed Class meets the requirements for certification under Rule 23 of the Federal Rules of Civil Procedure: (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the proposed Class, and there is a well-defined community of interest among members of the proposed Class with respect to the subject matter of the Federal Action; (c) the claims of the Class Representatives are typical of claims of the members of the proposed Class; (d) Class Representatives will fairly and adequately protect the interests of the Members of the Class; (e) a class action is superior to other available methods for an efficent adjudication of this controversy; and (f) the counsel of record for the Class Representatives is qualified to serve as counsel for the Class Representatives in their individual capacity as well as their representative capacity and for the Class;

4. The moving parties also have presented to the Court for review a Stipulation and Agreement of Settlement. The Stipulation is within the range of reasonableness and meets the requirements for preliminary approval; and

5. The moving parties have also presented to the Court for review a plan to provide notice to the proposed Class of the terms of the Settlement and the options facing the Class including, *inter alia*: to opt out of the class action, to be represented by counsel of their choosing, and to remain a Settling Class Member. The notice will be mailed to Class Members at their Last Known Addresses and published in the Bronx edition of the

New York Post and the Daily News. The notice plan proposed by the Settling Parties is the best practical under the circumstances.

Good cause appearing therefore, IT IS HEREBY ORDERED that:

1. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Stipulation of Settlement is preliminarily approved and the Class is provisionally certified;

2. Notice of the proposed Settlement, and the rights of Class Members to opt out of the Settlement or to become a Settling Class Member, shall be given by publication in the Bronx edition of the New York Post and the Daily News and mailing of the Notice to Class Members Re: Pendency of a Class Action by first class, postage prepaid, to all Class Members pursuant to the applicable provisions in the Stipulation.

3. A hearing shall be held before this Court on _Monday July 30, 2007 at 3PM_, 2006 to consider whether the Settlement should be given final approval by the Court:

    (a) Written objections by Class Members to the proposed Settlement will be considered if received by Class Counsel or the Claims Administrator, on or before the Notice Response Deadline;

    (b) At the Settlement Hearing, Class Members may be heard orally in support of the Settlement, or in opposition to the Settlement, provided they submitted a timely written objection;

    (c) Class Counsel and counsel for Defendants should be prepared at the hearing to respond to objections filed by Class Members and to provide other information as appropriate, bearing on whether or not the Settlement should be approved; and

4.  In the event that the Effective Date occurs, all Class Members whom have not effectively opted out of the settlement will be deemed to have forever released and discharged the Settled Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Stipulation shall be deemed null and void and shall have no effect whatsoever.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: *May 23, 2007*

_____
The Honorable Paul A. Crotty
United States District Judge