```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 0 6 2007
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
GINUTIS SIPAS ET AL.,

        Plaintiffs,

        ECF Case

        05 CV 10319 (PAC)(AJP)

        ORDER AND FINAL
        JUDGMENT

        -against-

SAMMY'S FISHBOX, INC. ET AL.,

        Defendants.
----------------------------------------x

    WHEREAS the Plaintiffs and Defendants having jointly requested that the Court enter an order (i) finally approving the settlement of the claims of the Plaintiffs and members of the class against Defendants on the terms set forth in the Stipulation and Agreement of Settlement dated October 30, 2006 (the "Settlement Agreement"); (ii) dismissing the Action as against Defendants with prejudice; (iii) approving the distribution of the Settlement Fund jointly proposed by the Plaintiffs and the Defendants; and (iv) awarding counsel fees and reimbursement of expenses to counsel for Plaintiffs' and the class as provided in the Settlement Agreement; and the Court having duly considered all matters submitted to it at the hearing and otherwise; and

    WHEREAS, on May 23, 2007, the Court granted preliminary approval of the Settlement and certified a class action under Fed. R. Civ. P. 23(b)(3) comprised of those persons who worked at the parking lots of Defendants as valets and parking lot attendants from December 9, 1999 to March 1, 2006, who are entitled to back wages for unpaid minimum wages, overtime work for which they did not receive overtime premium pay, and/or spread-of-hours compensation from Defendants; and

    WHEREAS, the Court has reviewed the record in this Action and the Settlement Agreement, and having considered all submissions to and presentations at the hearing held on

July 30, 2007, following notice given in accordance with this Court's May 23, 2007 Order with respect to notice and hearing on proposed class action settlement; and:

WHEREAS, the Court having found good cause for entering the following Final Order and Judgment:

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Notice of Class Certification was provided to members of the Class pursuant to Fed. R. Civ. P. 23(c)(2) and the Court's order of May 23, 2007. Such notice was the best notice practicable under the circumstances and met all requirements of Fed. R. Civ. P. 23 and due process.

2. The Settlement, as set forth in the Settlement Agreement, is fair, reasonable, adequate and in the best interest of the Class. The Settlement was based on substantial investigation and negotiations conducted at arm's length.

3. The Settlement is finally approved and the parties are directed to consummate the Settlement in accordance with the terms and provisions of the Settlement Agreement.

4. The distribution of the Settlement Funds jointly proposed by the Plaintiffs and the Defendants is substantially approved.

5. All Plaintiffs and members of the Class affected by this Order are barred and permanently enjoined from asserting any and all claims, known or unknown, that have been or could have been asserted in this Action, or in any court, tribunal or proceeding (including, but not limited to, any claims arising under federal, state, local or common law relating to the payment of wages compensation or other benefits) by or on behalf of any Plaintiff or any member of the Class affected by the Order, whether individual, class, derivative, representative, legal, equitable, or any other type or in any other capacity, against Defendants or any of their subsidiaries, and each and all of their respective past or present officers, directors, employees, advisors, agents, attorney, heirs, executors, trustees, personal

representatives, estates, administrators, predecessors, successors and assigns (collectively, the "Released Persons") which have arisen or could have arisen out of, or relate in any manner to the provision of valet or parking services at Defendants' parking lots, including but not limited to matters complained of in the actions, the allegations and facts set forth in the Complaint or otherwise related, directly or indirectly, to the Action (the "Settled Claims").

6. The instututuion or prosecution against Defendants by any of the Plaintiffs or members of the Class, or by their successors or assigns, whether directly or indirectly or in any other capacity, of any action asserting the Settled Claims is hereby permanently barred and enjoined.

7. All settled Claims against Released Persons are forever released and discharged.

8. Class counsel is hereby awarded attorneys fee of $113,333.33 and cost of $1,789.85 as fair and reasonable.

9. The Court hereby retains continuing jurisdiction over enforcement of the Settlement Agreement, over implementation and administration of the Settlement and the distribution of the Settlement Fund, and to resolve any disputes concerning the foregoing.

SO ORDERED.

Dated: New York, New York
       August 6, 2007

DATED: _____

*Paul A. Crotty* (signature)
The Honorable Paul A. Crotty
United States District Judge

THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON _____